EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
01/20/2021
CT Log Number 538915901

**TO:**    Stephanie Schaeffer
Paychex, Inc.
911 Panorama Trl S
Rochester, NY 14625-2396

**RE:**    **Process Served in California**

**FOR:**    Paychex, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KENNETH A. STORMS, etc., Pltf. vs. PAYCHEX, INC., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Exhibit(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # 21STCV00090 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - On 12/11/2019 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/20/2021 at 01:35 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | You have 30 Calendar days after this summons |
| **ATTORNEY(S) / SENDER(S):** | Jeffrey A. Kobulnick<br>21650 Oxnard St., #500<br>Woodland Hills, CA 91367<br>818-827-9000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/20/2021, Expected Purge Date: 01/25/2021<br><br>Image SOP<br><br>Email Notification,  Stephanie Schaeffer  slschaefer@Paychex.com<br><br>Email Notification,  Dana Bolia  dbolia@paychex.com<br><br>Email Notification,  Denise Mackowiak  DMackowiak@paychex.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

## CT Corporation

**Service of Process Transmittal**
01/20/2021
CT Log Number 538915901

| | |
|---|---|
| **TO:** | Stephanie Schaeffer<br>Paychex, Inc.<br>911 Panorama Trl S<br>Rochester, NY 14625-2396 |
| **RE:** | **Process Served in California** |
| **FOR:** | Paychex, Inc.  (Domestic State: DE) |

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / AK

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Wed, Jan 20, 2021

**Server Name:**             Tony Hernandez

| Entity Served | PAYCHEX, INC. |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 21STCV00090 |
| Jurisdiction | CA |



Electronically FILED by Superior Court of California, County of Los Angeles on 01/04/2021 04:42 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
21STCV00090

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PAYCHEX, INC., a Delaware Corporation; PAYCHEX NORTH AMERICA, INC., a Delaware Corporation; and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KENNETH A. STORMS, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Superior Court of the State of California<br>County of Los Angeles<br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>**21STCV00090** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Philip J. Bonoli / Jeffrey A. Kobulnick; BRUTZKUS GUBNER; 21650 Oxnard St., #500, Woodland Hills, CA 91367; (818) 827-9000

| DATE: 01/04/2021<br>*(Fecha)* | Sherri R. Carter Executive Officer / Clerk of Court Clerk, by<br>*(Secretario)* | R. Clifton | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Paychex, Inc., A Delaware Corporation
   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

[SEAL]

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 01/04/2021 11:35 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk

Case 2:21-cv-01534-JAK-SSC    Document 2-1  Filed 02/19/21   Page 6 of 54   Page ID #:16

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Stephanie Bowick

1 PHILIP J. BONOLI – Bar No. 188906
JEFFREY A. KOBULNICK – Bar No. 228299
2 BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
3 Woodland Hills, CA 91367
Telephone: (818) 827-9000
4 Facsimile: (818) 827-9099
Email:      pbonoli@bg.law
5           jkobulnick@bg.law

6 Attorneys for Plaintiff
KENNETH A. STORMS

7

8 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 **FOR THE COUNTY OF LOS ANGELES**

10

| | |
|---|---|
| KENNETH A. STORMS, An Individual, | Case No. **21STCV00090** |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | 1. **Discrimination on the Basis of Age (California Govt. Code §§12940(a), et seq.)** |
| PAYCHEX, INC., a Delaware Corporation; PAYCHEX NORTH AMERICA, INC., a Delaware Corporation; and DOES 1 through 25, inclusive, | 2. **Retaliation (California Govt. Code §§12940(h), et seq.)** |
| Defendants. | 3. **Failure to Prevent Discrimination and Harassment** |
| | 4. **Wrongful Termination in Violation of Public Policy** |
| | **DEMAND FOR JURY TRIAL** |

20 **NATURE OF ACTION**

21      1.      Plaintiff KENNETH A. STORMS ("Plaintiff" or "Mr. Storms") brings this action

22 against Defendants PAYCHEX, INC., PAYCHEX NORTH AMERICA, INC., and DOES 1 through

23 25, inclusive (collectively "Defendants" unless otherwise identified) seeking damages and all other

24 appropriate and just relief as a result of Defendants' unlawful conduct in violation of California

25 Government Code §§ 12940, et seq., and California's public policy.

26      2.      Defendants employed Mr. Storms as a Major Market Sales Representative until

27 Defendants wrongfully terminated him on December 11, 2019. Throughout his employment, Mr.

28 Storms worked diligently for Defendants and was a loyal and exemplary employee. Despite Mr.

1  Storms' loyalty and dedication, Defendants terminated Mr. Storms because of his age and because he

2  complained about unfair treatment on the basis of his age.

3  **PARTIES**

4  3.     Plaintiff was employed by Defendants from March 2017 to December 11, 2019 as a

5  Major Market Sales Representative in Los Angeles, California within the County of Los Angeles.

6  4.     Plaintiff is an individual over the age of 40 and, at all times relevant herein, a resident

7  of the County of Los Angeles, State of California.

8  5.     At all relevant times herein, Defendant PAYCHEX, INC., was a Delaware Corporation

9  registered with the State of California, with California Corporate number C0926442, and licensed to

10  do business and was doing business in the County of Los Angeles, California. Defendant PAYCHEX,

11  INC., is an employer as defined by the California Fair Employment and Housing Act ("FEHA"),

12  California Government Code §§12926 and 12940, as it regularly employs five or more employees.

13  6.     At all relevant times herein, Defendant PAYCHEX NORTH AMERICA, INC., was a

14  Delaware Corporation registered with the State of California, with California Corporate number

15  C2498486, with its principal place of business located at 1405 Garden Street, San Luis Obispo,

16  California and licensed to do business and was doing business in the County of Los Angeles,

17  California. Defendant PAYCHEX NORTH AMERICA, INC., is an employer as defined by the

18  California Fair Employment and Housing Act ("FEHA"), California Government Code §§12926 and

19  12940, as it regularly employs five or more employees.

20  7.     The true names and capacities, whether corporate, associate, individual or otherwise of

21  Defendants DOES 1 through 25, inclusive, are unknown to Plaintiff at this time, who therefore sues

22  said Defendants by such fictitious names pursuant to California Code of Civil Procedure §474. Each

23  of the defendants designated herein as a DOE is negligently or otherwise legally responsible in some

24  manner for the events and happening herein referred to and caused injuries and damages proximately

25  thereby to Plaintiff, as herein alleged. Plaintiff will seek leave of court to amend this Complaint to

26  show their names and capacities when the same have been ascertained.

27  8.     Whenever and wherever reference is made in this Complaint to any act or failure to act

28  by a defendant or defendants, such allegations and references shall also be deemed to mean the acts

2556473

1   and/or failures to act by each defendant acting individually, jointly and severally.

2         9.     The named Defendants and Doe Defendants and each of them were at all times herein

3   mentioned the agents, servants, employees, joint-venturers and/or co-conspirators of each of the other

4   Co-Defendants and at all times herein mentioned were acting within the course and scope of said

5   agency, employment or service and in furtherance of the joint venture and/or conspiracy.

6         10.    Plaintiff is informed and believes and thereon alleges that there exists such a unity of

7   interest and ownership between Defendants and DOES 1-25 that the individuality and separateness of

8   Defendants have ceased to exist.

9         11.    Plaintiff is informed and believes and thereon alleges that despite the formation of

10   purported corporate existence, Defendants and DOES 1-25 are in reality one and the same as

11   Defendants including but not limited to:

12         a.     Defendants are completely dominated and controlled by Defendants and DOES

13   1-25 who personally violated the laws as set forth in this complaint, and who have hidden and currently

14   hide behind Defendants to circumvent statutes or accomplish some other wrongful or inequitable

15   purpose.

16         b.     Defendants and DOES 1-25 derive actual and significant monetary benefits by

17   and through Defendants' unlawful conduct and by using Defendants as the funding source for their

18   own personal expenditures.

19         c.     Plaintiff is informed and believes and thereon alleges that Defendants and

20   DOES 1-25, while really one and the same, were segregated to appear as though separate and distinct

21   for purposes of circumventing a statute or accomplishing some other wrongful conduct or inequitable

22   purpose.

23         d.     Plaintiff is informed and believes and thereon alleges that Defendants do not

24   comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

25         e.     Plaintiff is informed and believes and thereon alleges that the business affairs

26   of Defendants and DOES 1-25 are and at all times relevant were so mixed and intermingled that the

27   same cannot reasonably be segregated. The corporate existence of Defendants and DOES 1-25 should

28   be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud

2556473

1   and injustice to Plaintiff.

2       12.    Plaintiff is informed and believes and thereon alleges that Defendants and DOES 1-25

3   are Plaintiff's joint employers by virtue of a joint enterprise and that Plaintiff was an employee of

4   Defendants and DOES 1-25. Plaintiff performed services for each and every one of Defendants and to

5   the mutual benefit of all Defendants and all Defendants shared control of Plaintiff as an employee,

6   either directly or indirectly, in the manner in which Defendants' business was and is conducted.

7   **JURISDICTION AND VENUE**

8       13.    The Superior Court of the State of California has jurisdiction over this action pursuant

9   to California Constitution Article VI, Section 10.

10       14.    The Superior Court of the State of California has jurisdiction over Defendants because

11   Defendants are California corporations with their principal places of business within the State of

12   California and County of Los Angeles and were at all relevant times authorized to and did do business

13   in the State of California. Further, Plaintiff resides in the State of California and the unlawful and

14   wrongful conduct herein occurred within the State of California.

15       15.    Venue is proper in the County of Los Angeles because Defendants' unlawful and

16   wrongful conduct, as alleged herein, occurred in the County of Los Angeles, State of California.

17   **JOINT LIABILITY**

18       16.    Each Defendant herein sued is the agent, co-conspirator, joint venture, partner, and/or

19   employee of every other Defendant and, as alleged, has been acting within the course and scope of

20   said agency, conspiracy, joint venture, partnership, and/or employment, with the knowledge and/or

21   consent of co-Defendants, and each of them. Moreover, Plaintiff is informed and believes and thereon

22   alleges that each Defendant has authorized and/or ratified the wrongful activities of each of the

23   remaining Defendants and their agents.

24   **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

25       17.    On May 19, 2020, Plaintiff filed a timely complaint with the Department of Fair

26   Employment and Housing ("DFEH") and received a right to sue letter. On December 3, 2020, Plaintiff

27   filed an amended complaint with the DFEH which was deemed to have the same filing date of the

28   original complaint. A true and correct copy of the complaint, the amended complaint and right to sue

4

COMPLAINT

1  letter are attached hereto as Exhibit "A."

2  ### FACTS COMMON TO ALL CAUSES OF ACTION

3  18.    Defendants hired Mr. Storms, who is over 40 years of age, on March 17, 2017 as a
4  Major Market Sales Representative. Mr. Storms earned a yearly salary of $51,000.00 in addition to a
5  monthly commission that ranged from 9% to 14% of sales generated in the preceding month.

6  19.    Beginning in November 2019, Mr. Storms was earning, on a monthly basis, 14% of
7  sales generated plus a 9% "kicker" for year-to-date sales above 125% of sales objectives. In addition,
8  Mr. Storms was entitled to receive monthly and quarterly bonuses in addition to the Strategic Partner
9  Bonus.

10  20.    Throughout his employment, Mr. Storms worked diligently for Defendants and was a
11  loyal and exemplary employee. For example, shortly after he became employed by Defendants, Mr.
12  Storms secured a large, local California franchise as a client. Mr. Storms sold Paychex's Time and
13  Attendance software to the local franchise which resulted in the franchise becoming compliant with
14  California's meal and rest break requirements and, in turn, saving the franchise thousands of dollars
15  in penalties and fees. Because Mr. Storms originated the account and was influential in cultivating the
16  business relationship with client, Mr. Storms became the representative for this account. Considering
17  the client had over 1,800 locations nationwide, this account entitled Mr. Storms to a monthly
18  commission of, at a minimum, $4,000 per location.

19  21.    On December 4, 2019, Suzanne Ceballos advised Mr. Storms that Paychex wanted a
20  national representative from Strategic Accounts, instead of Mr. Storms, to be in charge of this
21  particular account. As a result, although Mr. Storms originated this account, Paychex removed Mr.
22  Storms as the handling representative and, as such, Paychex refused and has failed to pay Mr. Storms
23  the commissions owed to him.

24  22.    Because Mr. Storms believed that this was unfair and unwarranted, he sent an email to
25  Scott Halperin on or about December 9, 2019 advising Mr. Halperin that Paychex improperly removed
26  Mr. Storms as the handling representative on the account and requesting that Paychex pay him a
27  referral commission for eighteen (18) months from the start of the franchise client's agreement. Two
28  days later, on December 11, 2019, Paychex terminated Mr. Storms under the pretext that Mr. Storms

2556473

1  allegedly submitted improper business expenses even though all of Mr. Storms' business expense

2  reports were approved by his manager and a corporate representative.

3       23.    Mr. Storms is informed and believes and thereon alleges that, at the same time Paychex

4  terminated Mr. Storms, Paychex also terminated two other individuals over the age of 40 years old,

5  one of whom was also a Major Market Sales Representatives, for allegedly submitting improper

6  business expenses.

7       24.    Mr. Storms is informed and believes and thereon alleges that Paychex also investigated

8  two other employees at the same time, both of whom were under 30 years of age, for allegedly

9  submitting improper business expenses.  However, Paychex did not terminated either of these

10  individuals and, in the case of one of these individuals, allowed the individual to pay-back the amount

11  at issue. Paychex never advised Mr. Storms at any time that any of his business expenses were ever

12  improper and Paychex never provided Mr. Storms the opportunity to pay-back any amount of business

13  expenses that Paychex claimed to be improper.

14       25.    Mr. Storms is informed and believes and thereon alleges that, after Paychex terminated

15  him, all of the remaining Major Market Sales Representatives were under the age of 40 and all of

16  whom failed to meet sales objectives.

17  **CAUSES OF ACTION**

18  **FIRST CAUSE OF ACTION**

19  **Discrimination On The Basis Of Age In Violation Of Cal. Govt. Code §§12940 Et Seq.**

20  **(Against All Defendants)**

21       26.    Plaintiff realleges and incorporates by reference all of the allegations contained in the

22  preceding paragraphs of the Complaint as though fully set forth herein.

23       27.    California Government Code §12940(a) prohibits discrimination against an individual

24  in terms, conditions and/or privileges of employment on the basis of age.

25       28.    As alleged herein, Plaintiff is a member of a protected class applicable herein based on

26  his age. At all times relevant hereto, Plaintiff satisfactorily performed his duties and responsibilities

27  as expected by Defendants and, in fact, exceeded those expectations by his performance.

28

2556473

29.     On December 11, 2019, Defendants wrongfully retaliated against Plaintiff, discriminated against him and terminated him on the basis of his age. Said conduct violates California's Fair Employment and Housing Act and such violations were a proximate cause of Plaintiff's damages.

30.     As a proximate result of Defendants' discriminatory conduct, Plaintiff has sustained and continues to sustain substantial loss in wages and present and future earnings, career opportunities, commissions, bonuses and other employment benefits in amounts to be proven at trial. Plaintiff's damages include all consequential, general and special economic damages in amounts to be proven at trial.

31.     As a further proximate result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer humiliation, severe emotional distress and mental and physical pain and anguish, all to his damage in an amount according to proof.

32.     The wrongful acts of Defendants were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants and/or with their express knowledge, consent and ratification. Defendants, through their officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. As a result, Defendants' conduct constitutes malice, oppression or fraud under Civil Code §3294, entitling Plaintiff to punitive and exemplary damages from Defendants.

33.     Pursuant to Government Code §12965(b), Plaintiff requests an award of attorneys' fees and costs.

34.     Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

### SECOND CAUSE OF ACTION

### Retaliation

### (Against All Defendants)

35.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

2556473

36.    Government Code §12940(h) forbids an employer to retaliate against an employee for opposing unlawful discrimination and harassment and/or for engaging in protected activities.

37.    As described throughout this Complaint, the actions of Defendants constitute unlawful discrimination and harassment on the basis of age.

38.    Plaintiff engaged in the protected conduct of opposing discrimination and harassment by Defendants. Plaintiff also engaged in protected conduct when he complained to Defendants about Defendants' failure to receive his compensation and about Defendants' discrimination and harassment.

39.    On December 11, 2019, Defendants wrongfully retaliated against Plaintiff, discriminated against him and terminated him on the basis of his age. Said conduct violates California's Fair Employment and Housing Act and such violations were a proximate cause of Plaintiff's damages.

40.    As a proximate result of Defendants' retaliatory conduct, Plaintiff has sustained and continues to sustain substantial loss in wages and present and future earnings, career opportunities, commissions, bonuses and other employment benefits in amounts to be proven at trial. Plaintiff's damages include all consequential, general and special economic damages in amounts to be proven at trial.

41.    As a further proximate result of Defendants' retaliatory conduct, Plaintiff has suffered and continues to suffer humiliation, severe emotional distress and mental and physical pain and anguish, all to his damage in an amount according to proof.

42.    The wrongful acts of Defendants were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants and/or with their express knowledge, consent and ratification. Defendants, through their officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. As a result, Defendants' conduct constitutes malice, oppression or fraud under Civil Code §3294, entitling Plaintiff to punitive and exemplary damages from Defendants.

43.    Pursuant to Government Code §12965(b), Plaintiff requests an award of attorneys' fees and costs.

2556473

44.     Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## THIRD CAUSE OF ACTION

### Failure To Prevent Discrimination, Harassment And Retaliation

### (Against All Defendants)

45.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of the Complaint as though fully set forth herein.

46.     At all times relevant herein, the FEHA, including Government Code §12940(k), was in force and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring, and failing to remedy the same.

47.     On December 11, 2019, Defendants wrongfully retaliated against Plaintiff, discriminated against him and terminated him on the basis of his age. Said conduct violates the FEHA and such violations were a proximate cause of Plaintiff's damages.

48.     As a proximate result of Defendants' discriminatory, harassing and retaliatory conduct, Plaintiff has sustained and continues to sustain substantial loss in wages and present and future earnings, career opportunities, commissions, bonuses and other employment benefits in amounts to be proven at trial. Plaintiff's damages include all consequential, general and special economic damages in amounts to be proven at trial.

49.     As a further proximate result of Defendants' discriminatory, harassing and retaliatory conduct, Plaintiff has suffered and continues to suffer humiliation, severe emotional distress and mental and physical pain and anguish, all to his damage in an amount according to proof.

50.     The wrongful acts of Defendants were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants and/or with their express knowledge, consent and ratification. Defendants, through their officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other

2556473

1    Defendants named in this action. As a result, Defendants' conduct constitutes malice, oppression or

2    fraud under Civil Code §3294, entitling Plaintiff to punitive and exemplary damages from Defendants.

3        51.    Pursuant to Government Code §12965(b), Plaintiff requests an award of attorneys' fees

4    and costs.

5        52.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

6                        **FOURTH CAUSE OF ACTION**

7              **Wrongful Termination In Violation of Public Policy**

8                          **(Against All Defendants)**

9        53.    Plaintiff realleges and incorporates by reference all of the allegations contained in the

10   preceding paragraphs of the Complaint as though fully set forth herein.

11       54.    It is the public policy of the State of California that individuals shall not be terminated

12   from their employment on the basis of their age, race, national origin, ethnicity and associational

13   disabilities, and for the protected characteristics and/or activities alleged throughout this Complaint.

14       55.    At all relevant times hereto, Defendants were aware that Plaintiff was an individual

15   over the age of 40.

16       56.    At all times relevant hereto, Plaintiff was performing competently and satisfactorily in

17   the position he held with Defendants.

18       57.    On December 11, 2019, Defendants wrongfully retaliated against Plaintiff,

19   discriminated against him and terminated him on the basis of his age. Defendants terminated Plaintiff's

20   employment for the above-mentioned unlawful reasons and, thus, in violation of public policy.

21       58.    As a proximate result of Defendants' discriminatory, harassing and retaliatory conduct,

22   Plaintiff has sustained and continues to sustain substantial loss in wages and present and future

23   earnings, career opportunities, commissions, bonuses and other employment benefits in amounts to be

24   proven at trial. Plaintiff's damages include all consequential, general and special economic damages

25   in amounts to be proven at trial.

26       59.    As a further proximate result of Defendants' discriminatory, harassing and retaliatory

27   conduct, Plaintiff has suffered and continues to suffer humiliation, severe emotional distress and

28   mental and physical pain and anguish, all to his damage in an amount according to proof.

2556473

60.     The wrongful acts of Defendants were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants and/or with their express knowledge, consent and ratification. Defendants, through their officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. As a result, Defendants' conduct constitutes malice, oppression or fraud under Civil Code §3294, entitling Plaintiff to punitive and exemplary damages from Defendants.

61.     Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows where applicable on Plaintiff's separately stated Causes of Action:

1.     Compensatory and special damages as set forth throughout the Complaint according to proof with prejudgment interest thereon to the extent allowable by law;

2.     Damages for emotional distress, humiliation, anxiety and related emotional and mental anguish in an amount to be determined by the jury at the time of trial;

3.     Damages for loss of wages, earnings, bonuses, and benefits, with such damages, increasing each day, plus interest in an amount to be determined by the jury at the time of trial;

4.     Damages for future loss of earnings, bonuses and benefits, in an amount to be determined by the jury at the time of trial;

5.     Declaratory and injunctive relief as deemed appropriate by the Court;

6.     Attorneys' fees and costs;

7.     Interest, including prejudgment interest, as allowed by law;

///
///
///
///

1      8.    Punitive damages against all Defendants; and

2      9.    Such other and further relief as the court deems just and proper.

3   DATED: January 4, 2021                    BRUTZKUS GUBNER

4

5                                     By: _Philip J. Bonoli_
                                          Jeffrey A. Kobulnick
6                                          Philip J. Bonoli
                                           Attorneys for Plaintiff
7                                          KENNETH A. STORMS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

12

COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff demands a trial by jury as to all issues so triable.

3

4

DATED:  January 4, 2021                                     BRUTZKUS GUBNER

5                                                                                    By: _____

6                                                                                    Jeffrey A. Kobulnick
                                                                                         Philip J. Bonoli
7                                                                                    Attorneys for Plaintiff
                                                                                         KENNETH A. STORMS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

May 19, 2020

Ken Storms
18509 Asuncion St
Porter Ranch, California 91326

RE:    **Notice to Complainant**
       DFEH Matter Number: 202005-10200919
       Right to Sue: Storms / Paychex Inc

Dear Ken Storms:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents.  If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

May 19, 2020

RE:    **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202005-10200919
       Right to Sue: Storms / Paychex Inc

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

May 19, 2020

Ken Storms
18509 Asuncion St
Porter Ranch, California 91326

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202005-10200919
      Right to Sue: Storms / Paychex Inc

Dear Ken Storms,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective May
19, 2020 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Ken Storms                                    DFEH No. 202005-10200919

                          Complainant,

vs.

Paychex Inc
911 Panorama Trail South
Rochester, New York 14625

                          Respondents
_____

1. Respondent **Paychex Inc** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Ken Storms**, resides in the City of **Porter Ranch** State of **California.**

3. Complainant alleges that on or about **December 11, 2019**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's age (40 and over) and as a result of the discrimination was terminated.

**Additional Complaint Details:** There was an investigation of expense reports and they terminated only those of us over the age of 40, while allowing others younger to pay back what the compay said they had to.

-1-
*Complaint – DFEH No. 202005-10200919*

Date Filed: May 19, 2020

1 | VERIFICATION

2 | I, **Kenneth Storms**, am the **Complainant** in the above-entitled complaint. I have read
3 | the foregoing complaint and know the contents thereof. The same is true of my own
knowledge, except as to those matters which are therein alleged on information and
4 | belief, and as to those matters, I believe it to be true.

5 | On May 19, 2020, I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.
6 |

7 | **Porter Ranch, CA**

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

-2-
27 | *Complaint – DFEH No. 202005-10200919*

28 | Date Filed: May 19, 2020

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

December 3, 2020

,

RE:   **Notice to Complainant**
      DFEH Matter Number: 202005-10200919
      Right to Sue:  / Paychex Inc

Dear :

Attached is a copy of your **amended** complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer. You or your attorney must serve the complaint. If you do not have an attorney, you must serve the complaint yourself.

The amended complaint is deemed to have the same filing date of the original complaint. This is not a new Right to Sue letter. The original Notice of Case Closure and Right to Sue issued in this case remains the only such notice provided by the DFEH. (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Ken Storms                                                    DFEH No. 202005-10200919

                                      Complainant,

vs.

Paychex Inc
911 Panorama Trail South
Rochester, New York 14625

Paychex North America
911 Panorama Trail South
Rochester, New York 14625

                                      Respondents
_____

1. Respondent **Paychex Inc** is an **employer Paychex Inc** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Paychex North America** as individual Co-Respondent(s).

3. Complainant **Ken Storms**, resides in the City of **Porter Ranch,** State of **California.**

4. Complainant alleges that on or about **December 11, 2019**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's age (40 and over) and as a result of the discrimination was terminated.

**Additional Complaint Details:** There was an investigation of expense reports and they terminated only those of us over the age of 40, while allowing others younger to pay back what the compay said they had to.

-1-
*Complaint – DFEH No. 202005-10200919*

Date Filed: May 19, 2020
Date Amended: December 3, 2020

VERIFICATION

I, **Kenneth Storms**, am the **Complainant** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On December 3, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Porter Ranch, CA**

-2-
*Complaint – DFEH No. 202005-10200919*

Date Filed: May 19, 2020
Date Amended: December 3, 2020

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Philip J. Bonoli / Jeffrey A. Kobulnick    State Bar No.: 188903/228299<br>BRUTZKUS GUBNER<br>21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367<br>TELEPHONE NO.: (818) 827-9000    FAX NO. *(Optional):* (818) 827-9099<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME:
Kenneth A. Storms v. Paychex, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 21STCV00090 |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse<br>condemnation (14) | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| **Employment** | [ ] Writ of mandate (02) | |
| [x] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2.  This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
    b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve       courts in other counties, states, or countries, or in a federal
    c. [ ] Substantial amount of documentary evidence       court
                                                        f. [ ] Substantial postjudgment judicial supervision
3.  Remedies sought *(check all that apply):* a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4.  Number of causes of action *(specify):* Four (4)
5.  This case [ ] is   [x] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: January 4, 2021

Philip J. Bonoli
_____
(TYPE OR PRINT NAME)                                    ► _____
                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
*   Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
*   File this cover sheet in addition to any cover sheet required by local court rule.
*   If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
*   Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: Kenneth A. Storms v. Paychex, Inc., et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

Page 33

| SHORT TITLE: Kenneth A. Storms v. Paychex, Inc., et al. | CASE NUMBER |
| --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

Page 34

| SHORT TITLE: Kenneth A. Storms v. Paychex, Inc., et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | ☐ A6160  Abstract of Judgment | 2, 6 |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | ☐ A6190  Election Contest | 2 |
| | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

Page 35

| SHORT TITLE: Kenneth A. Storms v. Paychex, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br><br>111 N. Hill Street |
|---|---|

| CITY:<br><br>Los Angeles | STATE:<br><br>CA | ZIP CODE:<br><br>90012 |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___January 4, 2021___

*Philip J. Barol*

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| **COURTHOUSE ADDRESS:** Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 01/12/2021 Sherri R. Carter, Executive Officer / Clerk of Court |
| **PLAINTIFF:** Kenneth A Storms, an individual | By _____ C. Lam _____ Deputy |
| **DEFENDANT:** Paychex, Inc., a Delaware Corporation et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | **CASE NUMBER:** 21STCV00090 |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 05/12/2021 | Time: 8:30 AM | Dept.: 19 |
|---|---|---|

**NOTICE TO DEFENDANT:** THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 01/12/2021

Stephanie M. Bowick / Judge
Judicial Officer

---

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein; and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Los Angeles _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Philip J. Bonoli
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 01/12/2021

By C. Lam
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**01/04/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV00090 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Stephanie M. Bowick | 19 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    **Sherri R. Carter, Executive Officer / Clerk of Court**

on _01/04/2021_                By _R. Clifton_____, Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)      **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT )<br>— MANDATORY ELECTRONIC FILING )<br>FOR CIVIL )<br> )<br> )<br> )<br>_____ ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

   a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

   b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

   a) The following documents shall not be filed electronically:

      i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

      ii) Bonds/Undertaking documents;

      iii) Trial and Evidentiary Hearing Exhibits

      iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

      v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

   b) Lodgments

   Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)  Declarations;

   iii)  Exhibits (including exhibits to declarations);

   iv)  Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)  Citations; and

   vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

h)  Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i)  Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j)  Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7)  ELECTRONIC FILING SCHEDULE

a)  Filed Date

i)  Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii)  Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8)  EX PARTE APPLICATIONS

a)  Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i)    Any printed document required pursuant to a Standing or General Order;

    ii)    Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii)    Pleadings and motions that include points and authorities;

    iv)    Demurrers;

    v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi)    Motions for Summary Judgment/Adjudication; and

    vii)    Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1   11)  SIGNATURES ON ELECTRONIC FILING

2        For purposes of this General Order, all electronic filings must be in compliance with California

3     Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4     Division of the Los Angeles County Superior Court.

5

6        This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10   DATED: May 3, 2019



                                      KEVIN C. BRAZILE

11                                    Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

  The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

  *The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◇**Los Angeles County Bar Association Litigation Section**◇

◇ **Los Angeles County Bar Association
Labor and Employment Law Section**◇

◇**Consumer Attorneys Association of Los Angeles** ◇

◇**Southern California Defense Counsel**◇

◇**Association of Business Trial Lawyers** ◇

◇**California Employment Lawyers Association**◇

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      I. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

The following parties stipulate:

Date:

_____ > _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date:

_____ > _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____ > _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____ > _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____ > _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

_____ > _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

_____ > _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
       <span>(INSERT DATE)</span>                                        <span>(INSERT DATE)</span>
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: 

_____                     _____
(TYPE OR PRINT NAME)                                            (ATTORNEY FOR PLAINTIFF)
Date: 

_____                     _____
(TYPE OR PRINT NAME)                                            (ATTORNEY FOR DEFENDANT)
Date: 

_____                     _____
(TYPE OR PRINT NAME)                                            (ATTORNEY FOR DEFENDANT)
Date: 

_____                     _____
(TYPE OR PRINT NAME)                                            (ATTORNEY FOR DEFENDANT)
Date: 

_____                     _____
(TYPE OR PRINT NAME)                                            (ATTORNEY FOR _____ )
Date: 

_____                     _____
(TYPE OR PRINT NAME)                                            (ATTORNEY FOR _____ )
Date: 

_____                     _____
(TYPE OR PRINT NAME)                                            (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT.

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, _briefly_ describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, _briefly_ describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11    **STIPULATION AND ORDER – MOTIONS IN LIMINE**    Page 2 of 2

Page 55

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties agree to mediation, they may contact these organizations to request a Resource List Mediation for mediation at reduced cost or no cost (for selected cases).

• ADR Services, Inc. Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
• JAMS, Inc. Senior Case Manager mbinder@jamsadr.com (310) 309-6204
• Mediation Center of Los Angeles (MCLA) Program Manager info@mediationLA.org (833) 476-9145
  ○ Only MCLA provides mediation in person, by phone and by videoconference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
  • Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil.
    ○ Free day of trial mediations at the courthouse. No appointment needed.
    ○ Free or low cost mediations before the day of trial.
    ○ For free or low cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit:
      http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer.EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

Los Angeles Superior Court ADR website: **http://www.lacourt.org/division/civil/CI0109.aspx**
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

2